UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-5677-DMG (GJSx)** | Date | September 14, 2020 |
|---|---|---|---|

| Title | ***Fabian Arroyo v. Dodge Corp., et al.*** | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [11]**

## I.
## BACKGROUND

Plaintiff Fabian Arroyo filed this personal injury action against Defendant FCA US LLC on December 9, 2019 in Los Angeles County Superior Court. Complaint [Doc. # 1-2]. The Complaint did not specify a monetary damages amount, but alleged "severe personal injuries" which are "permanent and catastrophic." *See id.* at ¶ 3, 33. On May 5, 2020, Defendant received responses from Plaintiff to its discovery requests, indicating that Plaintiff was suffering from ongoing neck, shoulder, back, and head injuries and had incurred at least $27,125.16 in medical expenses to date. Weinberg Decl., Ex. 1 at 12–18, 40 [Doc. # 11-2]. On May 27, Defendant's counsel emailed Plaintiff's counsel to ask if Plaintiff would be willing to stipulate that the alleged damages do not exceed $75,000. *Id.*, Ex. 2 at 98. Plaintiff declined to stipulate, and Defendant followed up to confirm if Plaintiff believed the amount in controversy is greater than $75,000. Plaintiff responded, "That is correct." *Id.*, Ex. 3 at 100. Twenty-nine days later, Defendant removed the action to this Court on June 25, 2020. Notice of Removal ("NOR") [Doc. # 1].

Plaintiff filed the instant Motion to Remand ("MTR") on July 24, 2020. [Doc. # 11.] He argues that the Court should remand the case because Defendant's removal was untimely and failed to establish that there is at least $75,000 in controversy in this action. *See id.* The motion has been fully briefed. [Doc. ## 15, 16.] For the following reasons, the Court **GRANTS** the MTR.

## II.
## LEGAL STANDARD

It is a "bedrock principle" that federal courts are of limited jurisdiction. *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009) (citing *Cary v. Curtis*, 44 U.S. 236, 244 (1845)). When a

UNITED STATES DISTRICT COURT      **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-5677-DMG (GJSx)** | Date | September 14, 2020 |
| Title | *Fabian Arroyo v. Dodge Corp., et al.* | Page | 2 of 3 |

party removes an action to federal court, that party bears the burden of establishing federal jurisdiction. *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."). To show that a court has diversity jurisdiction, the removing party must demonstrate that the parties are of diverse citizenship and there is more than $75,000 in controversy. 28 U.S.C. § 1332.

There are two 30-day periods for removing a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). First, defendants have 30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin."). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)).

### III.
### DISCUSSION

Plaintiff argues that his attorney's refusal to stipulate to a damages amount and subjective belief that the damages are in excess of $75,000 cannot establish the amount in controversy. MTR at 4–7. Defendant does not base removability on Plaintiff's refusal to stipulate, but rather on his counsel's subsequent email confirming his belief that the amount in controversy exceeded $75,000. *See* NOR at ¶ 13; Opp. at 14–15. Correspondence between counsel qualifies as an "other paper" from which removability can be ascertained. *See Babasa v. Lenscrafters*, 498 F.3d 972, 975 (9th Cir. 2007); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). An email from "plaintiff's counsel sent to defendants stating that the amount in controversy" exceeds the jurisdictional threshold makes it "apparent that removal [is] proper." *Cohn*, 281 F.3d at 840. Plaintiff points to authorities that assert that an attorney's subjective belief cannot establish the amount in controversy, MTR at 6, but these cases all involve the self-serving beliefs of the *defendants'* attorneys. *See, e.g.*, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Obviously, the situation is much different when the *plaintiff* offers a good faith estimate of *his own* damages. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-5677-DMG (GJSx)** | Date | September 14, 2020 |
| Title | *Fabian Arroyo v. Dodge Corp., et al.* | Page | 3 of 3 |

("The plaintiff, after all, creates the controversy and is the master of the claim, and decides how much money to demand.")

Nonetheless, the email is a red herring. As Defendant acknowledges, Plaintiff's discovery responses indicate that, months after the accident, he was still suffering from ongoing head, neck, and back injuries, including neurological damage in the form of hearing and memory loss. *See* Opp. at 13–14; Amin Decl., Ex. C at 24–25 [Doc. # 15-4]. Plaintiff had already incurred tens of thousands of dollars in medical bills alone. Weinberg Decl., Ex. 1 at 13–17. Defendant admits that these responses allowed it to draw the "reasonable inference" that the amount in controversy threshold was met.[1] Opp. at 14. The inference was more than reasonable—the pain and suffering damages alone from Plaintiff's alleged neurological injuries would well exceed $75,000.

Defendant received these discovery responses on May 5, 2020. Defendant concedes that they allowed it to ascertain that removal was proper. But Defendant did not remove until June 25, more than 30 days later. Therefore, the removal was untimely.

This is not to say that it would be bad practice for a defendant to attempt to confirm its estimate of the amount in controversy with the plaintiff prior to removing. But here, Defendant waited three weeks from receiving the discovery responses before making its inquiry, and then delayed almost the entire length of the 30-day grace period before removing. The removal statute does not allow this delay to be excused. *See Harris*, 425 F.3d at 697 ("Once defendant is on notice of removability, the thirty-day period begins to run. Defendant has neither the incentive nor the ability to tinker with either actual notice or the time frame.").

## IV.
## CONCLUSION

In light of the foregoing, Plaintiff's MTR is **GRANTED**. The case is hereby **REMANDED** to the Los Angeles County Superior Court

**IT IS SO ORDERED**.

---

[1] In her email to Plaintiff's counsel asking for a stipulation, Defendant's counsel writes, "As far as we can evaluate, Plaintiff's allegations for damages do not exceed over $75,000." Weinberg Decl., Ex. 2 at 98. But this posturing contradicts what is plainly evident in the discovery responses and Defendant's admission in its brief.